**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD ALLEN GIST,
  Appellant,

  v.

DEPARTMENT OF DEFENSE,
  Agency.

DOCKET NUMBER
DC-0752-18-0614-I-1

DATE: June 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Southworth, Esquire, Atlanta, Georgia, for the appellant.

Sara K. Achinger, Esquire, Fort Belvoir, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal under 5 U.S.C. chapter 75 for unacceptable performance. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED below regarding the appellant's defense of harmful procedural error, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-15 Senior Accountant for the agency. Initial Appeal File (IAF), Tab 1 at 1. His performance year ran from April 1 to March 31, and, on May 9, 2018, he received his annual performance appraisal, with a summary rating of "Not Met," having failed to render successful performance in the critical elements of "Teamwork" and "Support of Mission." IAF, Tab 9 at 4-10. On May 14, 2018, the agency proposed the appellant's removal under 5 U.S.C. chapter 75 based on a charge of "Duty Performance at the 'Not Met' Level." IAF, Tab 8 at 15-17. The agency specified that the appellant "failed to create an overarching financial reconciliation [Standard Operating Procedure (SOP)] and to monitor reconciliation activity on a regular basis" as he had been directed to do on May 1, 2017, and he "failed to effectively work well with others to get the job done." *Id*. at 16. After the appellant responded, the deciding official issued a decision to remove him effective June 16, 2018. IAF, Tab 4 at 10-14.

The appellant filed a Board appeal, challenging his removal on the merits and raising affirmative defenses of harmful error, race discrimination, disability discrimination, and retaliation for equal employment opportunity activity. IAF, Tab 1, Tab 29 at 4-6, Tab 32 at 2-7. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 34, Initial Decision (ID). She found that the agency met its burden of proving the charge and that the penalty promoted the efficiency of the service. ID at 2-10, 20-22. She further found that the appellant failed to prove any of his affirmative defenses. ID at 10-20.

The appellant has filed a petition for review, challenging the administrative judge's findings with respect to the charge and his harmful error defense.[2] Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

The agency proved its charge.

In her initial decision, the administrative judge summarized the testimony of several agency witnesses, including the appellant's first-level supervisor (the proposing official), who testified that the appellant understood but refused to carry out his assignment of creating an SOP. ID at 3-4. Other witnesses, including the Chief of Finance and Accounting, testified that the appellant failed to attend pertinent meetings and failed to heed their guidance, and instead criticized their work and questioned their competence. ID at 4-7. The appellant testified that he did not refuse to create the SOP. He argued that it was impossible for him to do so because he lacked the necessary background, was not given sufficient guidance, and was not assigned to develop the SOP until his November 2, 2017 midyear evaluation. ID at 7-8. The appellant further testified

---

[2] The appellant does not contest the administrative judge's findings with respect to the penalty or any of his other affirmative defenses. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

that the assignment was vague and confusing, and that he believed it was improper. *Id*. Applying the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), including explicit demeanor-based credibility determinations, the administrative judge found the agency witnesses' testimony more credible than the appellant's. ID at 8-9. She found that developing an SOP was a proper and appropriate assignment for the appellant, which he should have been able to accomplish but simply refused to do. ID at 9-10.

On petition for review, the appellant reiterates that the SOP assignment was poorly communicated and confusing. PFR File, Tab 1 at 6-7. He takes issue with the notice of proposed removal and its description of the SOP as "overarching." PFR File, Tab 1 at 6-7; IAF, Tab 8 at 16. He states that he does not understand what an "overarching" SOP is supposed to be, and that the agency did not assign him with developing an "overarching" SOP until shortly before his removal. PFR File, Tab 1 at 6-7. We find the appellant's arguments unavailing. Although March 16, 2018, might have been the first time that the expected SOP was described as "overarching," this did not change the nature of the assignment. IAF, Tab 5 at 13. Rather, it is just another word to describe the task of developing a system to track "the entire population of reconciliations," a task for which the appellant had been responsible since at least April 2017. IAF, Tab 10 at 23.

The appellant also argues that he received inconsistent instructions about his duties with respect to the reconciliations.[3] Specifically, on April 3, 2017, he was tasked to "track the status of reconciliations each month for reporting as well

---

[3] The appellant asserts that the agency witnesses provided "inconsistent testimony" on this and other matters. PFR File, Tab 1 at 6. However, the appellant neither identifies the specific nature of these alleged inconsistencies nor directs the Board to a particular place in the hearing recording where they might be found. The appellant's bare assertion that some of the testimony was inconsistent fails to provide "sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record." *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 10 (2015); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

as monitoring," but, on April 26, 2017, he was told that he was "not currently tasked to conduct any analysis of the reconciliations." PFR File, Tab 1 at 6-7; IAF, Tab 8 at 10. We disagree that the appellant received inconsistent instructions. Tracking the status of reconciliations was the ultimate goal, but the Chief of Finance and Accounting explicitly informed the appellant on April 3, 2017, of the step-by-step process for achieving that goal. IAF, Tab 8 at 10. As of April 26, 2017, the appellant still had not accomplished step 1 (identifying all of the reconciliations to be tracked), and so the Chief of Finance and Accounting reminded him to complete this step before moving any further. *Id*. We see no inconsistency here.

Similarly, the appellant argues that, for the first time on March 16, 2018, the Chief of Finance and Accounting requested an "SOP/checklist." PFR File, Tab 1 at 7. He expresses confusion over whether the agency wanted an SOP or a checklist. *Id*. However, we find this unpersuasive. As clearly communicated to the appellant at least by August 10, 2017, he was required to develop a standard checklist based on the requirements that all reconciliations have in common. IAF, Tab 22 at 12. According to the agency's Guidance for Preparing Standard Operating Procedures, to which the appellant was directed no later than November 3, 2017, a "checklist is not the SOP, but a part of the SOP." IAF, Tab 7 at 11, Tab 10 at 6.

On petition for review, the appellant renews his argument that he was not qualified to create an overall reconciliation SOP. PFR File, Tab 1 at 7. He cites an email that he wrote his first-level supervisor shortly after his proposed removal, explaining that he was not a "system accountant," was unqualified to write an SOP regarding accounting system interactions, and worked with "output and evaluation only, not system design, extraction, audit or evaluation." He contended that designing such an SOP would require a team approach. IAF, Tab 6 at 4. Taking the appellant at his word that he lacked the knowledge, skills, and abilities to create an overall reconciliation SOP on his own, we find that this

was not what was being required of him. Rather, he was supposed to collaborate with the Division of Finance and Accounting—the very team approach that he claims was required—but he failed to do so effectively. ID at 4-6; IAF, Tab 9 at 6, 9, Tab 10 at 19, Tab 11 at 4, Tab 22 at 4-5, 7, 12, 15. The appellant argues that any tensions in his interactions with others arose from his addressing issues with reconciliations and pointing out that they were not in legal compliance. PFR File, Tab 1 at 8. To the extent that this is true, it only goes to show that the appellant was creating these tensions unnecessarily. He was counseled repeatedly throughout the performance year that he was not supposed to be analyzing the individual reconciliations but was instead supposed to be directing his efforts toward systematizing the reconciliations in the aggregate. ID at 4-6; IAF, Tab 8 at 10-12, Tab 9 at 6, 9, Tab 10 at 19-20, Tab 11 at 4, 7, Tab 22 at 5, 12. For the reasons explained in the initial decision, we agree with the administrative judge that the agency proved its charge.

The appellant did not prove his harmful error defense.

To prove an affirmative defense of harmful procedural error, an appellant must show by preponderant evidence both that the agency committed procedural error and that the error was harmful. 5 U.S.C. § 7701(c)(2)(A); *Parker v. Defense Logistics Agency*, 1 M.S.P.R. 505, 513 (1980); 5 C.F.R. § 1201.56(b)(2)(C). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991).

On petition for review, the appellant argues that the administrative judge erred in denying his affirmative defense of harmful procedural error. PFR File, Tab 1 at 5-6. He argues that under Department of Defense (DOD) Instruction No. 1400.25, § 3.9.b, DOD Civilian Personnel Management System: Performance Management and Appraisal Program (Feb. 4, 2016), the agency is required to

notify an employee of deficient performance and provide him with an opportunity to improve, with assistance from his supervisor, before taking any performance-based action under either 5 U.S.C. chapter 43 or 5 U.S.C. chapter 75. PFR File, Tab 1 at 5-6; IAF, Tab 29 at 103. He argues that he was never informed of any performance deficiencies prior to his midyear review in November 2017, that he was never told that he would be removed if his performance did not improve, and that he was never placed on a performance improvement plan (PIP), i.e., an "opportunity to demonstrate acceptable performance" under 5 C.F.R. § 432.104. PFR File, Tab 1 at 5-6. He contends that, if the agency had followed the prescribed procedures, he would have improved his performance and the entire removal action would have been avoided. *Id*. at 6.

In her initial decision, the administrative judge found that the agency's performance management system relates specifically to performance-based actions taken against its employees, and because the instant removal action was taken against the appellant for misconduct as he failed to meet the expectations of his position because he refused to perform his duties, the agency's performance management system was inapplicable. ID at 19-20. She therefore found that the agency had no obligation to place the appellant on a PIP or follow any chapter 43 procedures before taking disciplinary action against him. ID at 20.

As an initial matter, we disagree with the administrative judge that the appellant was removed for misconduct. It is well established that an agency may rely on either chapter 75 or chapter 43 to take a performance-based action. *Lovshin v. Department of the Navy*, 767 F.2d 826, 843 (Fed. Cir. 1985) (en banc).[4] The proposal and decision letters definitively establish that the appellant in this case was removed for performance reasons. IAF, Tab 8 at 15,

---

[4] In its response to the petition for review, the agency appears to endorse the position that chapter 75 actions are categorically based on misconduct, whereas performance-based actions are the sole province of chapter 43. PFR File, Tab 3 at 8-9. The Board does not recognize such a dichotomy. *See Lovshin*, 767 F.2d at 843.

Tab 4 at 10. Furthermore, we agree with the appellant that the agency rule at issue here applies regardless of whether a performance-based action is taken under chapter 75 or chapter 43. DOD Instruction No. 1400.25, § 3.9.b explicitly acknowledges that a performance-based action can be taken under either authority, and it provides without differentiation that, if an employee's performance declines to an unacceptable level, the supervisor must inform him of the deficiency and provide him assistance to help him improve his performance during an opportunity period to demonstrate acceptable performance. IAF, Tab 29 at 103. Although this is not normally required in a chapter 75 performance-based action, *see Mealy v. Department of the Navy*, 34 M.S.P.R. 187, 190-91 (1987), the agency here has imposed this additional requirement on itself and is therefore bound to follow it, *see Barner v. U.S. Postal Service*, 11 M.S.P.R. 357, 359 (1982).

We find that the agency followed its requirements as stated in DOD Instruction No. 1400.25, § 3.9.b for taking a chapter 75 performance-based action. As the appellant admits, his supervisor informed him of his performance deficiencies on November 2, 2017, in his midyear performance evaluation. PFR File, Tab 1 at 5-6; IAF, Tab 9 at 6. This was 4 months before the agency proposed the appellant's removal and provided him ample time to bring his performance up to standards. *See Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 10 (2013) (finding that even a 30-day PIP can offer a reasonable opportunity to demonstrate acceptable performance in the context of 5 U.S.C. chapter 43). Furthermore, it is undisputed that the appellant's supervisor met with him biweekly about the SOP during this time period, thereby satisfying his obligation to assist the appellant in improving his performance. ID at 4; IAF, Tab 11 at 6-7, Tab 28 at 10-12. DOD Instruction No. 1400.25, § 3.9.b(1) outlines some additional requirements found in the Office of Personnel Management's regulations at 5 U.S.C. §§ 432.104, .105, but it makes clear that these requirements only apply to actions taken under chapter 43. IAF, Tab 29

at 103-04. The agency afforded the appellant all of the procedural protections that this rule requires for performance-based actions under chapter 75. For these reasons, we find that the appellant has not shown error in the agency's application of its rules, and we affirm, as modified, the administrative judge's finding that the appellant failed to prove this affirmative defense.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board
Washington, D.C.